*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEGHAN THIEL and NICHOLAS SCOBEL,

      Plaintiffs-Appellants,

v

PINES AT CLOVERLANE, LLC, also known as
PINES OF CLOVERLANE, LLC, and THE
HAYMAN COMPANY,

      Defendants-Appellees.

UNPUBLISHED
June 27, 2024

No. 366096
Washtenaw Circuit Court
LC No. 21-000948-NO

Before: O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

In this premises liability action arising from injuries Meghan Thiel sustained after falling on a sidewalk in her apartment complex, plaintiffs appeal as of right the trial court's order granting summary disposition to defendants ("Pines" and "Hayman" when individually referenced),[1] pursuant to MCR 2.116(C)(10). We affirm.

In plaintiffs' amended complaint, they alleged, in relevant part, that Thiel slipped and fell on ice that had accumulated on the sidewalk coming from the rear door of their apartment building because Pines's gutters were not properly functioning and the grading of the sidewalk funneled water from melting snow toward the door. Plaintiffs alleged defendants were liable for Thiel's injuries because they violated MCL 554.139(1)(a) by allowing an unnatural accumulation of ice to form on the sidewalk, which made the sidewalk unfit for its intended use.[2] Defendants alleged

---

[1] Pines is the apartment complex where Thiel and Nicholas Scobel lived in 2019. Hayman is a maintenance company that provided workers for Pines.

[2] Plaintiffs also raised a premises liability claim and a loss of consortium claim that was derivative of the other two claims. However, plaintiffs did not challenge the trial court's grant of summary disposition regarding either of these claims. Because neither claim is relevant to this appeal, they will not be discussed further unless relevant to the issues raised on appeal.

the sidewalk was fit for its intended use, and that plaintiffs failed to demonstrate there were genuine issues of material fact regarding the fitness of the sidewalk.

Subsequently, defendants filed a motion for summary disposition alleging, in relevant part, that plaintiffs' claims against defendants should be dismissed because plaintiffs failed to create a genuine issue of material fact concerning whether defendants had actual or constructive notice of the alleged patch of ice on the sidewalk, or of any problem with the gutters, prior to Thiel's fall. Defendants argued that plaintiffs' claim under MCL 554.139(1)(a) failed because the sidewalk was fit for walking, there was no evidence of an issue with the gutters, and the covenant to keep the premises in reasonable repair under MCL 554.139(1)(b) does not apply to common areas. Defendants argued that the paramedics' ability to walk on the sidewalk and push Thiel on it while she was on a stretcher demonstrated that the sidewalk, while not perfectly free of ice, was fit for its intended use.

In their response to defendants' motion for summary disposition, plaintiffs argued that genuine issues of material fact existed that would allow a rational finder of fact to determine that the slab outside of the rear apartment door was completely covered in ice. If a finder of fact determined the slab was covered in ice, then it was not fit for its intended use pursuant to MCL 554.139(1)(a) because it was not fit to be traversed, and defendants would not be entitled to summary disposition on this claim. Plaintiffs further argued that MCL 554.139(1)(a) does not require the defendant to have knowledge of the unfit condition to be liable for a breach of MCL 554.139(1)(a). However, genuine issues of material fact existed regarding whether defendants had constructive notice that ice was on the slab. A rational trier of fact could have concluded that defendants knew, or should have known, that water pooled on the slab because the slab was sloped backward toward the door and there were visible signs of water damage to the exit door and the wood surrounding the door. Finally, plaintiffs argued that the open and obvious doctrine is not applicable to their statutory claim because defendants materially breached the specific statutory duty for residential property owners to keep their premises fit for their intended use.

In reply, defendants argued that Hayman was entitled to summary disposition on the claim under MCL 554.139(1)(a) because Hayman was not the lessor of the property. Defendants argued that the picture of the level on the slab showed the slab was almost perfectly flat, undermining the plaintiffs' claim that it was tilted toward the door. Even if the slab was not perfectly flat, any tilt was invisible to the naked eye, and thus, defendants did not have notice of a tilt. Furthermore, no one in this case testified that water was prone to collect and freeze on the slab. Accordingly, defendants concluded that the evidence in the case demonstrated that the ice on the slab was nothing more than a mere inconvenience, and the sidewalk was fit for its intended use. Defendants also argued that the weathering of the door area did not give defendants constructive notice of a defect with the slab because weathering was normal. Finally, defendants argued there was no genuine issue of material fact regarding whether the sidewalk was fit for its intended use because plaintiffs referred to the ice as being a patch on the sidewalk that did not cover the whole sidewalk, and ice on a slab of sidewalk is insufficient to make the entire sidewalk unfit for its intended use.

The trial court apparently adopted defendants' arguments and made the following specific conclusions: (1) MCL 554.139(1) does not apply to sidewalks in common areas of apartment complexes; (2) defendants did not have actual or constructive notice of the icy condition; (3) the sidewalk was fit for its intended use; and (4) even if the Court of Appeals determines there was a

-2-

genuine issue of material fact regarding whether defendants had notice,[3] the condition was open and obvious, without special aspects.

On appeal, plaintiffs argue the trial court erred when it determined MCL 554.139(1) does not apply to walkways in common areas. We conclude that MCL 554.139(1)(a) applies to sidewalks in common areas of apartment complexes.

MCL 554.139(1) states the following:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

Issues of statutory interpretation that underlie a trial court's ruling on a summary disposition motion are reviewed de novo. *Candler v Farm Bureau Mut Ins Co of Michigan*, 321 Mich App 772, 777; 910 NW2d 666 (2017) (citation omitted). "We also review questions of law de novo." *South Dearborn Environmental Improvement Assoc, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360 n 11; 917 NW2d 603 (2018).

MCL 554.139(1)(a) "requires the lessor to maintain a common area in a condition that renders it fit for its intended use." *Gabrielson v The Woods Condominium Assoc, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 364813); slip op at 15 (citation omitted). A sidewalk within an apartment complex is a common area under MCL 554.139(1)(a). *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 428; 751 NW2d 8 (2008) (citation omitted). Accordingly, MCL 554.139(1)(a) applies to sidewalks in common areas of apartment complexes.

Notably, while the trial court announced that MCL "554.1391 [sic] does not apply to sidewalks in common areas of apartment complexes," it also held that the sidewalk "was under the law fit for its intended use." At face value, these two holdings are incongruent because, if MCL 554.139(1)(a) does not apply to sidewalks in common areas, then it would not matter if the sidewalk was fit for its intended use. The key to this disconnect may be that the trial court neglected to include subpart (b) when it announced MCL 554.139(1) does not apply to sidewalks in common areas. This would be consistent with the trial court's announcement that it adopted

---

[3] The trial court directly referenced this Court and the possibility that we would find a question of fact regarding the sidewalk being fit for its intended use; the trial court also stated that "If the Court of Appeals—believe me, if you can go up and convince two out of three whatever panel you get to say Conners, give me a trial date, I'm happy to try the case for you."

defendants' arguments, one of which was that MCL 554.139(1)(b) did not apply to sidewalks in common areas. This constructive notice would also explain why the trial court concluded that the sidewalk was fit for its intended use. However, even if the trial court erroneously held that MCL 554.139(1)(a) does not apply to sidewalks in common areas, reversal is not warranted because, as discussed later, plaintiffs failed to create a genuine issue of material fact regarding whether the sidewalk was fit for its intended use. Accordingly, defendants were entitled to summary disposition of this claim.

Additionally, plaintiffs contend the trial court erred by concluding that the open and obvious doctrine applies to plaintiffs' claim under MCL 554.139(1)(a). We agree that the trial court erred in concluding that the open and obvious doctrine was applicable to claims under MCL 554.139(1)(a).

"[T]he open and obvious danger doctrine is not available to deny liability for a statutory violation under MCL 554.139(1)." *Gabrielson*, ___ Mich App at ___; slip op at 15 (citation omitted). Therefore, the trial court erred when it announced that the open and obvious doctrine would apply to plaintiffs' claim under MCL 554.139(1)(a) if this Court determined there was a genuine issue of material fact regarding whether the sidewalk was fit for its intended use. However, the trial court's erroneous conclusion about the applicability of the open and obvious doctrine to claims under MCL 554.139(1)(a) has no bearing on this case because the trial court granted defendants summary disposition on the basis that plaintiffs failed to create a genuine issue of material fact regarding the fitness of the sidewalk. Indeed, defendants did not argue that they were entitled to summary disposition on plaintiffs' claim under MCL 554.139(1)(a) because the condition was open and obvious. Defendants only raised the open and obvious doctrine in relation to plaintiffs' *premises liability* claim. Accordingly, whether the open and obvious doctrine could apply to plaintiffs' claim under MCL 554.139(1)(a) is irrelevant to whether defendants were entitled to summary disposition. Therefore, reversal is unnecessary, despite the trial court's erroneous conclusion about the applicability of the open and obvious doctrine.

Finally, plaintiffs argue the trial court erred by granting defendants' motion for summary disposition with respect to their claim under MCL 554.139(1)(a) because there was a genuine issue of material fact regarding whether the slab was fit for its intended use. We conclude the trial court did not err by granting defendants' motion for summary disposition with respect to plaintiffs' claim under MCL 554.139(1)(a) because plaintiffs failed to create a genuine issue of material fact regarding whether the sidewalk was fit for its intended use.

"A trial court's ruling on a motion for summary disposition is reviewed de novo." *Meyers v Rieck*, 509 Mich 460, 468; 983 NW2d 747 (2022) (citation omitted). A party is entitled to summary disposition pursuant to MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted).

# I. NOTICE

Because there is no published caselaw holding that a lessor must have notice of unfit conditions to be liable under MCL 554.139(1)(a), and the statute itself does not contain a notice requirement, we will not engage in judicial legislation by adding language to the statute and requiring notice under MCL 554.139(1)(a).

# II. FITNESS

MCL 554.139(1)(a) "requires the lessor to maintain a common area in a condition that renders it fit for its intended use." *Gabrielson*, ___ Mich App at ___; slip op at 15 (citation omitted). "The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Id*. (citation omitted). Here, plaintiffs had a residential lease with Pines. Therefore, MCL 554.139(1) was applicable to plaintiffs' contract with Pines. "MCL 554.139(1)(a) does not require lessors to maintain a common area in an ideal condition or even in the most accessible condition possible. Rather, the statute requires the lessor to maintain a common area in a condition that renders it fit for its intended use." *Id*. (citation omitted). "Fit is defined as adapted or suited; appropriate." *Allison, 481 Mich* at 429 (quotation marks and citation omitted).

As previously established, apartment complex sidewalks are considered common areas under MCL 554.139(1)(a). *Allison*, 481 Mich at 428. The intended use of sidewalks in apartment complexes includes walking on them. *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 290; 933 NW2d 732 (2019). "[I]ce does not inherently render a common area unfit for its intended use if the ice is a mere inconvenience." *Id*. (quotation marks and citation omitted). Sidewalks completely covered in ice are unfit for their intended use because they do not present a "mere inconvenience of access" given that "anyone walking on a sidewalk completely covered in ice would be forced to walk on ice, and there is no way to simply walk around it." *Id*. at 291 (citation omitted). In *Trueblood*, a panel of this Court held that there was a genuine issue of material fact regarding whether the sidewalk was completely covered with ice where the plaintiff testified that the sidewalk was covered with snow and was slippery, another witness testified that there was snow covering the sidewalk and that it was slippery, a third witness testified that the weather conditions leading up to the plaintiff's fall would have coated the entire area in ice, and the pictures taken immediately after the plaintiff's fall demonstrated the entire surrounding area was coated with snow and ice. *Id*. at 290.

This case is distinguishable from *Trueblood* because here, unlike *Trueblood*, no witness testified that the sidewalk was *covered* in snow or ice. Thiel did not recall whether the *patch* of ice she slipped on covered the entire sidewalk. Further, Thiel testified that none of the neighbors who came to help her after the fall had slipped, and only one of the paramedics slipped, without falling, although they pushed the stretcher Thiel was lying on out to the ambulance. Scobel also slipped, but he did not fall. Scobel testified that there was a "significant amount of ice" on the slab and on the half of the small sidewalk closest to the apartment building, but he never alleged the ice covered those areas.

Additionally, unlike *Trueblood*, no witness testified that the weather conditions leading up to Thiel's fall would have coated the entire area in ice. The weather logs indicate that 8.5 inches

-5-

of snow fell in the area near plaintiffs' apartment on November 11, 2019. Then, the day prior to Thiel's fall, the temperature was above freezing for seven hours. Subsequently, the night before Thiel's fall and during the time of her fall, the temperature was below freezing. Viewing these facts in the light most favorable to plaintiffs, a rational trier of fact could conclude that snow remaining from the storm on November 11, 2019, melted on the afternoon of November 15, 2019, and then froze into ice later that evening and stayed frozen until Thiel's fall on the morning of November 16, 2019.

However, even assuming the weather created ice on the sidewalk, that is insufficient to create a genuine issue of material fact regarding whether the sidewalk was unfit for its intended use. Plaintiffs have the burden of proving a genuine issue of material fact exists regarding whether the sidewalk was fit for its intended use. *Id.* Plaintiffs have failed to do so. As discussed earlier, no one testified that the sidewalk was completely covered with ice. In fact, Scobel only described the ice as being on the first half of the small sidewalk. Additionally, the fact that everyone but Thiel was able to successfully navigate the sidewalk without falling suggests it was fit for its intended use, and the ice present only created a mere inconvenience. Without pictures or other evidence demonstrating the ice was so pervasive on the sidewalk that it made the sidewalk unfit for its intended use, we conclude that plaintiffs have failed to demonstrate a genuine issue of material fact exists regarding the fitness of the sidewalk.

In their appellate brief, plaintiffs isolate the slab from the sidewalk in an attempt to argue that, if the slab was completely covered in ice, that is sufficient to overcome summary disposition on their claim under MCL 554.139(1)(a) because that would render the slab unfit for its intended use—granting access to the rest of the sidewalk. By doing so, plaintiffs are moving the target. In plaintiffs' first amended complaint, they alleged that the "walkway" (sidewalk) was unfit for its intended use. Defendants moved for summary disposition on the basis that plaintiffs failed to create a genuine issue of material fact regarding whether the walkway was fit for its intended use, and it was on this basis that the trial court granted defendants summary disposition. The sidewalk is what was at issue in the complaint and motion for summary disposition, and plaintiffs cannot now change their argument to gain an advantage. See *Summer v Southfield Bd of Ed*, 324 Mich App 81, 106; 919 NW2d 641 (2018) ("A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint.") (citation omitted).

Furthermore, we are unpersuaded that the slab could logically be viewed separately from the rest of the small sidewalk because the slab is connected to the sidewalk, made of the same material, and intended for the same purpose—providing a walkway from the apartment building to the parking lot. However, even if the slab could be viewed separately, or the sidewalk could be considered unfit if the first slab of the sidewalk was entirely covered in ice, the same problem remains: no one testified that the slab was completely covered in ice. Absent the slab being covered in ice, users could step around the ice and successfully navigate it, thereby showing the ice was a mere inconvenience, not a condition that made the slab unfit for its intended use. This is exactly what Scobel did when he rushed outside to aid Thiel after her fall. Although he slipped on the slab or sidewalk, he did not fall. Therefore, for the same reasons stated earlier, even if plaintiffs could successfully limit their argument to the slab, they would still fail to create a genuine issue of material fact regarding its fitness.

Finally, we agree with defendants that summary disposition for Hayman was appropriate on this claim because MCL 554.139(1)(a) applies to lessors, and Hayman was not the lessor of plaintiffs' apartment, Pines was. See *Gabrielson*, ___ Mich App at ___; slip op at 15 (holding that, under MCL 554.139(1)(a), *lessors* are required to maintain common areas in conditions that render them fit for their intended use).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney